*H. Pope, for Bank of Louisville.*

---

## A. K. LEWIS v. MILTON EVANS.

[Abstract Kentucky Law Reporter, Vol. 1—349.]

**Building Contract.**

The completion and use of a building by the owner, where the contractor fails to complete it, does not necessarily amount to a waiver of his objection to the quality of the work.

**Waiver of Failure to Complete Contract.**

> In an action by a contractor on a contract to build a barn, its completion being a condition precedent to payment, must be proven or an actual waiver shown.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

October 7, 1880.

OPINION BY JUDGE HARGIS:

The appellant in his answer admitted making the contract by which he agreed to pay appellee a certain price for building for him a barn on his wife's land, which land he and she occupied, but denies that he forced appellee to abandon the work before it was completed, and alleged that payment was to be made on that event, and admitted that he took possession of the unfinished barn and completed it.

The allegations of the answer were by consent traversed upon the record. The completion and use of the barn by appellant in order to save his tobacco from loss did not necessarily amount to a waiver of his objections to the quality of the work, as is the case in accepting the possession of movables, upon which work has been done, without any return of the article so soon as defective performance has been discovered. The barn is a part of the realty and appellant was not bound to quit his possession of the land in order to avoid a waiver of his objection to the quality of the work. In an action upon the covenant of appellant to pay for the barn, its completion being a condition precedent to payment, must be proved or an actual waiver shown.

But this action is on a quantum meruit for the labor done on the barn, connected with any excuse for failing to complete it. It appears by the pleadings that appellee did not finish the barn and that appellant completed it. There is nothing in the record showing whose fault caused appellee to quit work. The fact that appellant did accept the benefit of appellee's labor by taking possession of the barn destroys his right, under the circumstances of this case, to insist upon its completion as a condition precedent to the payment therefor, but does not deprive him of the right to question the quality of the work, which he was permitted to do in the trial below, and the value of the work found by the jury is sustained by the evidence.

The judgment is therefore *affirmed.*

*Winfield Buckler, for appellant.*